IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PNMR SERVICES COMPANY,

        Plaintiff,

vs.                                        CIVIL NO.  12-852 LFG/KBM

MARKETSPHERE CONSULTING, LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on "Defendant Marketsphere Consulting, LLC's partial Motion to Dismiss Counts I, II, III, IV, V, VII and VIII of Plaintiff's Complaint, or in the Alternative for a More Definite Statement of Same." Defendant also moves the Court, under Fed. R. Civ. P. 12(f) for an order striking a paragraph of the Complaint. [Doc. 19.] The Court considered the Motion, Memorandum in Support [Doc. 20], Response in Opposition [Doc. 34], Appendix [Doc. 35] and Reply [Doc. 36], and determines that oral argument is not necessary.

### Background

Plaintiff describes its Complaint as seeking compensation for alleged damages arising out of Defendant's performance of a services agreement the parties executed. [Doc. 20, at 2.] Plaintiff asserts the following claims: (I) Fraudulent Inducement; (II) Fraud; (III) Unfair Trade Practices Act violations; (IV) Negligent Misrepresentation; (V) Negligence; (VI) Breach of Contract; (VII) Breach of the Covenant of Good Faith and Fair Dealing; and (VIII) Breach of Warranties. [Doc. 1.] Plaintiff requests compensatory and punitive damages.

Defendant seeks dismissal of all counts, with the exception of the breach of contract claim (Count VI), arguing that seven claims fail to state a claim under Fed. R. Civ. P. 12(b)(6) and further

that the claims based on alleged fraud (Counts I, II and III) should be dismissed under Fed. R. Civ. P. 9(b) for failure to plead a cause of action with sufficient particularity. Should the Court decline to dismiss the claims, Defendant asks, in the alternative, in accordance with Fed. R. Civ. P. 12(e), that the Court direct Plaintiff to provide a more definite statement of the claims.

### Discussion

**I.     Defendant's Motion to Dismiss Fraud-Related Claims (Counts I, II and III)**

Long before the modification of pleading standards in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), or Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Federal Rules of Civil Procedure, imposed specific pleading obligations in fraud cases. Rule 9(b) provided that, "In allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." However, the Rule 9(b) requirements must be read in conjunction with the principles of Rule 8, which calls for pleadings to be "simple, concise, and direct." Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997); Fed. R. Civ. P. 8(d).

Thus, in fraud cases, it is insufficient for a pleader to generally outline the nature of the pleader's claim. Rather, in testing the sufficiency of a pleading, the rules, as well as decisions from our own circuit, require allegations of time and place of the alleged fraud. *See, e.g.,* United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 726 (10th Cir. 2006) ("[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and [she] must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.") (citation omitted); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945) (under Rule 9(f), for the purpose of testing the sufficiency of a pleading, "averments of time and place are material").

Stated differently, a pleader who seeks to pursue a claim involving fraud in this circuit must satisfy a heightened pleading requirement imposed by case law and Rule 9(b). Koch v. Koch Industries, Inc., 203 F.3d 1202, 1236 (10th Cir.), *cert. denied,* 531 U.S. 926 (2000). Fraud claims must be pled with particularity and specificity. *See* Two Old Hippies, LLC v. Catch the Bus, LLC, 784 F. Supp. 2d 1200, 1209-10 (D.N.M. 2001) (claims predicated on fraud must be pled with particularity).

Fraud claims are treated distinctly from other causes of action because of the great potential for harm to the defendant by unsubstantiated allegations of fraudulent or dishonest acts. Compelling a pleader to provide specifics of the alleged fraudulent acts protects the reputation of a defendant "from the harm attendant to accusations of fraud or dishonest conduct." Skyline Potato Co., Inc. v. Tan-O-On Mktg., Inc., __ F. Supp. 2d ___, CIV 10-0698, 2012 WL 2922751, at *15 (D.N.M. July 4, 2012) (citations omitted).

So, too, the heightened pleading requirement intends to impose fairness in the litigation process by putting a defendant on notice of the alleged fraudulent conduct. *See* S2 Automation LLC v. Micron Tech., 281 F.R.D. 487, 494 (D.N.M. 2012) (*citing* United States ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 921 (4th Cir. 2003)). This, of course, assists the defendant early in the litigation process to evaluate the case for settlement or, alternatively, to meet the proofs at trial.

Defendant argues that Plaintiff's Complaint fails to meet the pleading requirements of 9(b), and, instead, consists of labels, conclusions and formulaic recitation of the elements of causes of action condemned in Twombly. Defendant posits that Plaintiff's Complaint contains "'naked assertion[s]' devoid of 'further factual enhancement,'" and consists of broad and general statements and unsupported conclusions. [Doc. 20, at 8.] For example, Defendant claims that the fraud-related

3

claims fail to identify specific representatives of Defendant who allegedly made misstatements and do not provide the job titles and locations of such representatives. [Doc. 20, at 6.] According to Defendant, Plaintiff did not identify to whom such alleged misrepresentations were made, and to the extent the allegations identified an individual speaker, they did not provide the time and place of the statements. [Doc. 20, at 6-7.]

In its response to the Motion to Dismiss, Plaintiff agrees that its Complaint asserts three fraud-related claims: fraudulent inducement, fraud, and violations of New Mexico's Unfair Trade Practices Act. [Doc. 34, at 5.] Plaintiff contends that its allegations of fraudulent conduct are sufficiently specific and identify alleged misrepresentations made by Defendant to induce Plaintiff to contract with it for the project, along with later misrepresentations designed to induce Plaintiff to enter into further contracts or amendments to the original contract. [Doc. 1, ¶ 23; Doc. 34, at 5].

For example, Plaintiff notes that, in preparing its case for filing, it uncovered numerous misrepresentations by members of Defendant's project team that are contained in Defendant's email communications, marketing statements, and other documents attached to emails. Plaintiff contends that, contrary to Defendant's argument, its Complaint complies with Rules 8(a)(2) and 9(b) because it provides Defendant with sufficient general information to determine the nature of claims against it and because the claims are supported by New Mexico law.

Plaintiff explains that its Complaint provides direct quotations concerning the alleged misrepresentations made in emails and documents.[1] Plaintiff states it did not attach these documents

---

[1] Plaintiff's Complaint refers to attached exhibits A-G, but nothing was attached to the Complaint. Several days after filing the Complaint, Plaintiff filed an appendix with the exhibits referred to in the Complaint. [Doc. 1, Doc. 4.] The appended materials consist of about 70 pages and include a copy of the services agreement and related documentation or marketing materials. [Doc. 4.]

4

as exhibits to the Complaint because it assumed Defendant was in possession of all these materials since "they came electronically from Defendant's e-mail servers."[2] [Doc. 34, at 6.]

In opposition to the motion to dismiss, Plaintiff's response again refers to attached exhibits that were not attached. Instead, several days after filing the response, Plaintiff filed an appendix consisting of 138 pages, including some emails and mostly marketing materials. [Doc. 35.] In the response, Plaintiff explains that it does not offer these materials for their truth and does not request that the Court convert the motion to dismiss to one for summary judgment. [Doc. 34, at 6 n.2.] Instead, Plaintiff asserts that the documents are referred to in the Complaint and are offered to show that the allegations in the Complaint are adequate to meet the Rule 9(b) pleading requirements.[3] [Id.]

Plaintiff also describes and relies on the contents of some of the materials contained in its appendix. [Doc. 35, at 7-10.] For example, Plaintiff identifies excerpts from various attached documents to show that its allegations of fraudulent conduct are pled with particularity. Plaintiff concedes that the Complaint contains several references to oral statements and representations where Plaintiff did not identify the exact time, place, speaker or recipient, but asserts that these oral arguments are similar to written representations Defendant's employees made and that are described in Defendant's own documents attached in Plaintiff's appendix or that are in Defendant's possession. [Doc. 34, at 7 n.3, 9.]

Plaintiff states it has adequately pled the fraud claims in the Complaint. It further asserts that based on the discussion of many pages of documents attached in the appendix, "[t]his is not a

---

[2]Yet, as noted, Plaintiff's Complaint referred to appended materials that were filed several days later apparently in conjunction with the Complaint. [Doc. Nos. 1, 4.]

[3]Plaintiff does not explain how the materials in the first appendix [Doc. 4], referred to in the Complaint, differ from this second appendix [Doc. 35], that Plaintiff also contends are referred to in the Complaint.

situation where the defendant has been left to guess about the fraudulent conduct about which the plaintiff is complaining." [Doc. 34, at 10.]

It is true that a party may plead in the alternative or incorporate by reference prior allegations in a complaint. However, Plaintiff's requirement that Defendant engage in a complicated scavenger hunt does not adequately place a defendant in a fraud case on notice of the alleged fraudulent misconduct. Here, in essence, Plaintiff asks Defendant and the Court to attempt to piece together allegations from the Complaint with excerpts and quotations from later-attached voluminous documents. To do so requires jumping back and forth between the Complaint and allegations incorporated by reference, and to the 70 and then 138 pages of attached documents contained in separately filed appendices. Plaintiff's approach, in attaching not just several hundred pages of documents to the Complaint and response, but also in arguing the contents of the attachments over numerous pages of the response pleading, is the antithesis of pleading with particularity that Rule 9(b) requires. The result is confusion, not clarity.

However, the law is clear. Defendant should be put on notice of the specific fraudulent allegations so as to allow it to adequately frame an answer, and must be able, upon a fair reading of the complaint, to determine the particulars of the allegation with specificity. *See* U.S. ex rel. Schwartz v. Coastal Healthcare Group, Inc., 232 F.3d 902 (Table, Text in Westlaw), 2000 WL 1595976, *6 (10th Cir. Oct. 26, 2000) (plaintiff merely described allegedly illegal contracts and arrangements without identifying any person, place or time when an actual false claim or other illegal activity occurred which was insufficient under Rule 9(b)) (unpublished). *See also* Koch, 203 F.3d at 1237 (noting that Rule 9(b) particularity requirements are not necessarily relaxed when the facts supporting a fraud claim are within the opponent's knowledge and control).

The Court concludes that Defendant's motion is well-taken with respect to the fraud-related claims (Counts I, II, and III), which will be dismissed for failure to state a claim, without prejudice, so that Plaintiff is allowed to attempt to cure its failure to properly plead the claims of fraud. *See* Coastal Healthcare, at \*4 (noting that "[a]lthough the district court did not dismiss [plaintiff's] complaint under Rule 9(b), lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)).

## II. **Defendant's Motion to Dismiss Other Counts for Failure to State a Claim**

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). The factual allegations in the complaint against Defendant "must be enough to raise a right to relief above the speculative level." *See* Christy Sports, LLC v. Deer Valley Resort Co., 555 F.3d 1188, 1191 (10th Cir. 2009). With respect to the Rule 12(b)(6) motion, plausibility means that Plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendants are liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 663.

Plaintiff's Complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [ ][its] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the

7

complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

### A. *Negligent Misrepresentation and Negligence Claims:*

Defendant argues that Counts IV and V (negligent misrepresentation and negligence) fail to state a claim under Fed. R. Civ. P. 12(b)(6). Specifically, Defendant asserts that Plaintiff did not allege a duty Defendant owed to Plaintiff "independent of the contract at issue," that Plaintiff failed to allege the existence of a special relationship from which a separate duty may be derived, and that Plaintiff provided no factual material regarding how any alleged duty might have been breached. [Doc. 20, at 8; Doc. 36, at 6.] In addition, Defendant contends that the economic loss doctrine applies to prevent recovery of purely economic loss in tort claims. According to Defendant, Plaintiff's negligence claims are precluded under New Mexico law and fail to state a claim.

Defendant's position rests, in part, on the following principles set out in Graphic Tech., Inc. v. Pitney Bowes, Inc., 998 F. Supp. 1174, 1179-80 (D. Kan. 1998):

> A party may not bring a tort claim based on the same facts alleged in its contract claim if the contract specifically defines the duties of the parties. Ford Motor Credit Co. v. Suburban Ford, 237 Kan. 195, 204, 699 P.2d 992, 999 (1985) (adopting rationale of Isler v. Texas Oil & Gas Corp., 749 F.2d 22, 23–24 (10th Cir.1984)). Such a claim is prohibited because a party may not base a tort claim upon a contractually created duty. *See* Isler, 749 F.2d at 24. A tort claim is based on a contractual duty only if there is no independent tort duty upon which to rely. *See* Hess Oil Virgin Islands Corp. v. UOP, Inc., 861 F.2d 1197, 1202 (10th Cir.1988) (tort liability if duty independent of contract). "A party may be liable in tort for breaching an independent duty towards another, even where the relationship creating such a duty originates in the parties' contract." Id. at 1202. If there is no independent tort duty here, plaintiff's claims are precluded.

8

Here, the Court concludes that Plaintiff sufficiently pled, at this stage of the pleadings, the existence of an independent tort theory. With respect to Defendant's position that the tort claims are precluded by the economic loss doctrine, the Court does not find the argument persuasive at the Rule 12(b)(6) stage. Stated differently, the Court is not in the position yet to determine if Plaintiff's alleged damages flowed "solely" from Defendant's alleged breaches of contract, thereby precluding the tort claims. Thus, Plaintiff's allegations sufficiently "nudged" this claim "across the line from conceivable to plausible in order to survive a motion to dismiss."

Because the Court determines that Plaintiff's tort claims "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010) (*citing* Iqbal, 556 U.S. at 663), the Court denies the motion to dismiss as to the counts of negligent misrepresentation and negligence.

### B. *Breach of the Covenant of Good Faith and Fair Dealing Claim:*

Defendant agrees that an implied promise of good faith and fair dealing arises in every contract. [Doc. 20, at 12.] *See, e.g.*, Sanders v. FedEx Ground Package Sys., Inc., 2008-NMSC-040, ¶ 7, 144 N.M. 449, 188 P.3d 1200 (stating that the covenant of good faith and fair dealing is implicit in every contract). An implied covenant of good faith and fair dealing requires only that neither party injure the rights of the other party to receive the benefit of their agreement. Dairyland Ins. Co. v. Herman, 1998–NMSC–005, ¶ 12, 124 N.M. 624, 954 P.2d 56.

Here, Defendant contends that Plaintiff pled no facts in the Complaint relating to conduct constituting a breach of the covenant of good faith and fair dealing, and that Plaintiff concedes this point. [Doc. 36, at 9; Doc. 36, at 9.] According to Defendant, Plaintiff's general references to unspecified conduct and conclusory allegations do not withstand scrutiny under Rule 12(b)(6).

Plaintiff asserts that Count VII "states all of the elements of a breach of the covenant under New Mexico law." [Doc. 34, at 16.] Plaintiff admits "there are no specifics in the allegations of Count VII itself," but argues that they are incorporated by reference with respect to other allegations in the Complaint.

The Court concludes that Defendant's position that the breach of the covenant of good faith and fair dealing claim should be dismissed for failure to state a claim is better raised at the summary judgment stage. While Plaintiff did not allege with particularity how Defendant purportedly violated the covenant of good faith and fair dealing, Plaintiff satisfied the requirements of Rule 8 in that there is a short and plain statement of the claim and the relief sought. In addition, Plaintiff's assertions meet the plausibility standard set out in Iqbal. Thus, the Court denies the motion to dismiss the breach of implied covenant of good faith and fair dealing claim (Count VII).

### C. *Breach of Express Warranties Claim:*

Defendant argues that this count of the Complaint also fails to state a claim as Plaintiff's allegations do not refer to specific express warranties that Defendant made, and that Plaintiff identified no act or omission that amounted to a breach of such warranties. According to Defendant, because Plaintiff did nothing more than plead the elements of a cause of action, the claim cannot withstand a motion to dismiss. [Doc. 20, at 16.]

The parties agree that an action for breach of warranty and for breach of contract require a showing of the same elements. [Doc. 20, at 15; Doc. 34, at 17.] Plaintiff argues that Defendant was able to answer PNMR's breach of contract claim (Count VI) and did not move to dismiss that count for failure to state a claim. Thus, it follows, according to Plaintiff, that the breach of warranty claim is sufficiently pled. [Doc. 34, at 17.]

The Court generally does not find Defendant's position persuasive that it is unable to form an adequate defense to this claim, when it clearly determined it could defend the breach of contract claim. However, because Plaintiff is required to amend its Complaint with respect to the fraud claims, the Court directs Plaintiff to sufficiently allege, in the amended complaint, the specific express warranties that were breached, as well as how and when the express warranties were breached.

### III.    Motion for More Definite Statement

Defendant asks, in the alternative, for a Court order directing Plaintiff to provide a more definite statement in accordance with Rule 12(e), with respect to any claims that survive the motion to dismiss. [Doc. 20, at 16.] The Court observes that it already granted Defendant's motion to dismiss with respect to the fraud claims. Thus, Plaintiff is required to re-plead those claims with more particularity in accordance with Rule 9. Further, the Court also directed that Plaintiff amend its Complaint as to the express warranty claim. The Court denies Defendant's request for a more definite statement.

### IV.    Defendant's Motion to Strike Paragraph 28(I) in Complaint

Defendant also asks the Court to strike ¶ 28(I) of the Complaint. Paragraph 28 contains numerous allegations, broken into subparts, and spans two to three pages of the Complaint. [Doc. 1, at 10-12.] However, the specific section at issue, ¶ 28(I), provides:

> MarketSphere, both prior to contracting with PNM on each contract and afterwards, claimed successful installation of Hyperion when in fact it had complaints from other customers not unlike PNM's listed above, that its installations were defective and MarketSphere failed to disclose these complaints to PNM. Examples are Hospira, Orbitz and Walter Energy.

[Doc. 1.] Defendant argues that this subpart should be stricken as the allegations are immaterial and impertinent to the issues. [Doc. 20, at 17.]

Plaintiff contends that ¶ 28(I) is material to its fraud, fraudulent inducement and New Mexico Unfair Trade Practices Act claims. Plaintiff further asserts that the existence of other alleged customer complaints of defective installations of the system at issue and Defendant's alleged failure to disclose such complaints are relevant given Defendant's representations of expertise and experience. [Doc. 34, at 20.]

Under Rule 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." In Waterton Polymer Prod. USA, LLC v. EdiZONE, LLC, 2012 WL 4024626, *1 (D. Utah Sep. 12, 2012) (unpublished), the district court instructed:

> Rule 12(f) of the Federal Rules of Civil Procedure provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Motions to Strike under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.

Id. (internal citations omitted).

At this stage of the litigation, the Court cannot say that the allegations in ¶ 28(I) have "no possible bearing" on this controversy. Thus, the Court concludes that the request to strike should be denied. *See, e.g.,* Rivera v. DJO, LLC, 2012 WL 3860744, *9 (D.N.M. Aug. 27, 2012) (unpublished) (observing that Rule 12(f) motions to strike are not favored, are often considered purely cosmetic or "time wasters," and that there appears to be general judicial agreement that such motions should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy. . . .") (citations omitted).

## **Conclusion**

Defendant's partial motion to dismiss is granted in part and denied in part. Plaintiff's fraud claims (Counts I, II, and III) are dismissed, without prejudice. Plaintiff is afforded 30 days to file a First Amended Complaint to cure pleading deficiencies with respect to each of the fraud claims, and with respect to the breach of warranty claim (Count VII).

IT IS THEREFORE ORDERED that Defendant's partial motion to dismiss [Doc. 19] is granted in part and denied in part, as described herein.

IT IS FURTHER ORDERED that Plaintiff's First Amended Complaint must be filed no later than January 21, 2013.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge